IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

BETTE RICHARDSON,

   Plaintiff

-vs-

CASE NO.: 16-2012-CA-003993

3:12-CV-666-J-32 JRK

NCO FINANCIAL SYSTEMS, INC.,

   Defendant
_____/

## AMENDED COMPLAINT

1. Plaintiff alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

4. The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a "consumer" pursuant to Florida Statue 559.55(2).

6. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

7. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

8. Defendant is a "debt collector" as defined in Florida Statue 559.55(6).

1

9. Defendant is a "debt collector" as defined in 15 U.S.C §1692(a)(6).

10. Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of an unknown amount and unknown account.

11. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives, including but not limited to individuals known as "M.S. Roberts" and "Kurt Cure", calling several times with such frequency as can reasonably be expected to harass.

12. In or about August of 2010, Plaintiff received a telephone call to her residential phone, number (904) 696-2464, from the Defendant in which Plaintiff informed the Defendant that she did not owe them any money, the previous owners no longer resided at this location and requested she be taken off their call list.

13. The Plaintiff had approximately five (5) similar phone calls where the plaintiff would explain to the Defendant they had the wrong number and to please stop calling. The Defendant, each time implied that the Plaintiff was lying and refused to stop calling.

14. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

15. The barrage of calls, hang-ups and voicemail messages to the Plaintiff continued from August 2010 through March 2012.

16. Defendants called Plaintiff more than once in a day, and on back to back days, as can reasonably be expected to abuse and/or harass the Plaintiff.

17. Defendant by their agents and representative known as "M.S. Roberts" intentionally and willfully harassed and abused Plaintiff by continuing to call the Plaintiff, including but not

limited to on or about January 20, 2012, and left the following recorded message regarding a debt of which Plaintiff had no knowledge.

> January 20, 2012
> This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to MS Roberts at 800-728-3346. Again that's MS Roberts at 800-728-3346. Thank You. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your I.D. code NNM108. Thank You.

18. Defendant by their agents and representative known as "Kurt Cure," intentionally and willfully harassed and abused Plaintiff by continuing to call the Plaintiff, including but not limited to on or about January 23, 2012 and left the following recorded message regarding a debt of which Plaintiff had no knowledge.

> January 20, 2012
> This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Kurt Cure at 800-728-3346. Again, that's Kurt Cure at 800-728-3346. Thank You. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your I.D. code NNM108. Thank You.

19. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006).

20. The Defendant placed at least thirty (30) calls to the Plaintiff after being informed multiple times that the Plaintiff did not owe the Defendant any money.

21. Defendant's repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

22. Defendant has a corporate policy to continue calling individuals despite those individuals asking calls to stop.

3

23. Defendant has a corporate policy to continue calling individuals despite those individuals telling the Defendant they do not owe the amount the Defendant was collecting.

24. Plaintiff suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

25. Because of the stress, anxiety, and embarrassment from the continued calls and threats by the Defendant in an attempt to coerce the Plaintiff to pay a debt, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

26. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

27. All conditions precedent to the filing of this action has occurred.

## COUNT I
### Violation of the FCCPA

28. Plaintiff incorporates paragraphs one (1) through twenty-seven (27) above as though fully stated herein.

29. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

30. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

4

31. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

33. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### Violation of the FDCPA

34. Plaintiff incorporates paragraphs one (1) through twenty-seven (27) above as though fully stated herein.

35. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

36. Defendant has violated 15 U.S.C. §1692(b)(3) by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

5

37. Defendant has violated 15 U.S.C. §1692(c)(a)(1) by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

38. Defendant has violated 15 U.S.C. §1692(c)(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector.

39. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

41. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

42. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual damages pursuant to 15 U.S.C §1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692(k)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k)(a)(3), from Defendant herein.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper..

## COUNT III
### Invasion of Privacy

44. Plaintiff incorporates paragraphs one (1) through twenty-seven (27) above as though fully stated herein.

45. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy.*
> 15 U.S.C. § 1692(a) (emphasis added)

46. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

47. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

48. Plaintiff had a reasonably expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

49. The conduct of the Defendant and its agents in engaging in the above-described illegal collection conduct against the plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues to triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the Court may deem just and proper.

## COUNT IV
### Deceptive and Unfair Trade Practices

51. Plaintiff incorporates paragraphs one (1) through twenty-seven (27) above as though fully stated herein.

52. At all times relevant to this action, Defendant is subject to and must abide by the laws of Florida, including Florida Statute § 501.204.

53. The Defendant has violated Florida Statute § 501.204 by engaging in unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce as described above.

54. The Defendant made false statements regarding the legitimacy and enforceability of the alleged debt in an attempt to coerce her into paying a debt they knew she did not owe.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues to triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the Court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff